IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. BRADY, | § § § | |
| *Plaintiff,* | § § | SA-25-CV-00278-XR |
| vs. | § § § | |
| D.A. INTAKE, #24097633, D.A. INVESTIGATOR, #1162630, SHERIFF JAVIER SALAZAR, CHIEF WILLIAM MCMANUS, SAN ANTONIO POLICE DEPARTMENT; AND MAGISTRATE JUDGE, | § § § § § § § § | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action. This case was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this action be dismissed for want of prosecution and failure to follow a court order.

**I.   Background and Analysis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an

1

administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on a plaintiff's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff Christopher T. Brady filed this case on March 14, 2025, by filing a motion to proceed IFP and a proposed Complaint [#1]. Based on the financial information he provided, the undersigned found that Plaintiff did not have the resources to pay the filing fee and thus granted his motion to proceed IFP [#3].

The undersigned also undertook a review of Plaintiff's proposed Complaint [#1-1] under 28 U.S.C. § 1915(e), which empowers the Court to screen civil complaints filed by parties proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff appears to be seeking damages for false arrest, selective prosecution, malicious prosecution, and slander. The undersigned found that his malicious prosecution claim may be viable. (Order [#3], at 6–7.) The undersigned therefore ordered Plaintiff to file a More Definite Statement regarding his malicious prosecution claim.

Plaintiff's More Definite Statement was due on or before April 25, 2025. (Order [#3], at 7.) To date, Plaintiff has not filed a More Definite Statement. A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The prior Order warned Plaintiff that a failure to file a More Definite Statement could result in the dismissal of this case for failure to prosecute or comply with a Court order. (Order [#3], at 8.) In light of Plaintiff's failure to file the More Definite Statement, the undersigned will recommend dismissal of this case for want of prosecution and failure to follow a court order.

## II.     Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED** for want of prosecution.

## III.    Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 8th day of May, 2025.

```
_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE
```